IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK REDWINE, | ) | |
| RASHAUD L. COLEMAN, | ) | No. 3:19-CR-15-PLR-DCP |
| DIALLO S. PEACOCK, | ) | |
| DARIUS D. WRIGHT, | ) | |
| ROBERT L. CARTER,. | ) | |
| GARY W. HUBBS, and | ) | |
| SHARON A. HUBBS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 28, 2019, for a hearing on motions to continue the trial date and schedule by Defendants Gary Hubbs [Doc. 73], Robert Carter [Doc. 77], Diallo Peacock [Doc. 85], and Sharon Hubbs [Doc. 90]. In addition, Defendant Rashaud Coleman filed a Second Motion to Extend Motion Cut-off Deadline [Doc. 89]. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. The following defense counsel also appeared: Attorney Troy B. Jones participated by telephone on behalf of Defendant Derrick Redwine; Attorney Rachel L. Wolf represented Defendant Rashaud Coleman; Attorney Tommy K. Hindman represented Defendant Diallo Peacock; Attorney Jonathan S. Wood represented Defendant Darius Wright; Attorney Gerald L. Gulley, Jr., represented Defendant Robert Carter; Attorney Michael Thomas Cabage represented Defendant

Gary Hubbs; and Attorney Ursula Bailey represented Defendant Sharon Hubbs. All Defendants were also present, except for Defendant Sharon Hubbs, who was excused from the hearing.

In his motion [Doc. 73], Defendant Gary Hubbs asks the Court to continue the March 17, 2020 trial date and all pretrial deadlines to permit counsel additional time to review the voluminous discovery, to confer with his client, and to prepare and file pretrial motions. Defendant Carter also moves [Doc. 77] the Court for a continuance of the trial and schedule, stating that counsel has not had time to review and investigate the discovery, to discuss the discovery with the Defendant, or to file any necessary pretrial motions. Defendant Carter's motion relates that the Government does not oppose the request. Defendant Peacock contends [Doc. 85] that that this case is complex, his attorney is still awaiting discovery, and counsel needs time to discuss the case with him. Finally, Defendant Sharon Hubbs requests [Doc. 90] a continuance of the trial and all deadlines because counsel received discovery on December 17, 2019, and that Defendant Hubbs has not been available to assist with her defense due to her medical condition. Defendant Coleman asks [Doc. 89] for a second extension of the motion deadline, stating that counsel is still reviewing discovery with him and redacting discovery in compliance with a non-disclosure agreement. This motion also relates that the Government does not object.

At the motion hearing, Mr. Cabage stated that although he has received all of the discovery, he is still reviewing it and going over it with his client. He said he needs additional time to review the discovery and prepare the case for trial. Both Mr. Gulley and Mr. Hindman agreed with these reasons with regard to them. Ms. Wolf said that she received the discovery in this case on January 8, 2020, and is still reviewing it. Moreover, her client wants a copy of the discovery to keep with him, so she is having to redact portions of the discovery by hand to comply with the non-disclosure order. Ms. Bailey stated that she had the same considerations regarding

2

the discovery and that her client has significant medical issues[1] that make meeting with her client difficult. Mr. Wood and Mr. Jones both stated that their clients had no opposition to the motions to continue.

AUSA Jones confirmed that the Government does not oppose a continuance of the trial and schedule in this case. He said the discovery in this case is voluminous and includes a medical examiner's records with regard to two victims and overdose records, which are subject to a non-disclosure agreement due to their sensitive nature. AUSA Jones stated that the discovery also includes information from multiple cellular telephone "dumps." The parties agreed on a new trial date of July 21, 2020.

The Court finds the Defendants' motions to continue the trial to be unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 28] charges that nine named Defendants conspired with each other and others to distribute fentanyl and heroin from June 2018 to July 18, 2019 (Count One). Defendants Coleman, Peacock, Carter, Gary Hubbs, and Sharon Hubbs are charged with conspiracy to commit money laundering during this same time period (Count Two). Defendant Coleman is charged with two counts of distributing fentanyl, both of which are alleged to have resulted in the overdose death of an individual (Counts Three and Four). The Court finds that the discovery in this case is voluminous and includes large amounts of cellular telephone data, as well as medical records. The Court also observes that the nature of this case, which involves allegations of overdose deaths, will likely require the use of medical experts. The Court further finds that defense counsel need additional time to complete their review of discovery, to confer with their

---

[1] Ms. Bailey shared the Defendant's medical condition with the Court in a sidebar.

clients, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If any motions are filed, the Court will need time to hold a motion hearing and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). Accordingly, the Court finds that a trial continuance is warranted for defense counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, the motions [**Docs. 73, 77, 85, & 90**] to continue the trial are **GRANTED**, and the trial is reset to **July 21, 2020**. The Court finds that all the time between the filing of Defendant Gary Hubbs's motion on December 27, 2019, and the new trial date of July 21, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). Defendant Coleman's motion to extend the motion deadline [**Doc. 89**] is also well-taken and is **GRANTED**. The Court set a new motion deadline of **March 27, 2020**. Responses to motions are due on or before **April 10, 2020**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **April 23, 2020, at 2:00 p.m.** The new deadline for concluding plea negotiations and providing reciprocal discovery is **June 23, 2020**. All motions *in limine* must be filed on or before **July 6, 2020**. The Court set a final pretrial conference on **July 7, 2020, at 2:00 p.m.** Requests for special jury instructions shall be filed no later than **July 10, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The motions of Defendants Gary Hubbs [**Doc. 73**], Robert Carter [**Doc. 77**], Diallo Peacock [**Doc. 85**], and Sharon Hubbs [**Doc. 90**] to continue the trial and schedule are **GRANTED**;

(2) The trial of this matter is reset to commence on **July 21, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **December 27, 2019**, and the new trial date of **July 21, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Rashaud Coleman's Second Motion to Extend Motion Cut-off Deadline [**Doc. 89**] is also **GRANTED**. The deadline for filing pretrial motions is reset to **March 27, 2020**. Responses to motions are due on or before **April 10, 2020**;

(5) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **April 23, 2020, at 2:00 a.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **June 23, 2020**;

(7) Motions *in limine* must be filed no later than **July 6, 2020**;

(8) A final pretrial conference before the undersigned is scheduled for **July 7, 2020, at 2:00 p.m.**; and

(9) Requests for special jury instructions with appropriate citations shall be filed by **July 10, 2020**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge