IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-15-PLR-DCP |
| | ) | |
| RASHAUD L. COLEMAN, | ) | |
| DIALLO S. PEACOCK, | ) | |
| KEWAN CONKLIN-BRADLEY, | ) | |
| and DEMARIUS J. BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court upon Defendant Peacock's Motion to Continue Trial Date [Doc. 121], filed on June 30, 2020.

On July 7, 2020, the parties appeared before the Court for a telephonic motion hearing. Assistant United States Attorney Brent Jones participated on behalf of the Government. Attorney Mike Whalen appeared on behalf of Defendant Coleman, Attorney Tommy Hindman appeared on behalf of Defendant Peacock, Attorney Kimberly Parton, appeared on behalf of Defendant Conklin-Bradley, and Attorney Norman McKellar appeared on behalf of Defendant Brown.

Defendant Peacock moves [Doc. 121] the Court to continue the July 21, 2020 trial date and related deadlines in this case to allow counsel more time to continue plea negotiations with the Government while also preparing for trial. Further, the motion relates that counsel has explained the right to a speedy trial to the Defendant, who understands that all time between the filing of the

motion and the new trial date will be fully excludable. The motion also relates that the Government does not object to the requested continuance.

During the motion hearing, Attorney Hindman stated that the complex nature of this case, including a substantial amount of discovery, has led to the necessity of additional time to prepare for trial. Attorney Whalen stated that Defendant Coleman wished to join the present motion, while Attorney Parton and Attorney McKellar stated that Defendants Conklin-Bradley and Brown did join in the request for the continuance. Lastly, AUSA Jones stated that the Government did not object to a continuance. The parties then agreed upon a new trial date of October 27, 2020.

The Court finds Defendant Peacock's motion to continue the trial to be well-taken due to the complexity of the present case and the voluminous provided discovery. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Additionally, the Court notes that Attorney Whalen was recently retained to represent Defendant Coleman. The Court finds that continuing the trial for approximately three months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, Defendant Peacock's Motion to Continue [**Doc. 121**] is **GRANTED**, and the trial of this matter is reset to **October 27, 2020**. The Court finds that all the time between the filing of Defendant Belvin's motion on June 30, 2020, and the new trial date of October 27, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the parties are to appear

before the undersigned for a final pretrial conference on **October 9, 2020, at 11:00 a.m.** This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must also be filed no later than **October 12, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 16, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Peacock's Motion to Continue [**Doc. 121**] is **GRANTED**;

(2) The trial of this case is reset to commence on **October 27, 2020**, at **9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of Defendant Peacock's motion on **June 30, 2020** and the new trial date of **October 27, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court will hold a final pretrial conference on **October 9, 2020, at 11:00 a.m.** This is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(5) All motions *in limine* must also be filed no later than **October 12, 2020**;

(6) Special requests for jury instructions shall be submitted to the District Judge no later than **October 16, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3